IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY LEE COLES,

    Plaintiff,

v.                     Civil Action No. 3:11CV130

K. McNEELY, et al.,

    Defendants.

MEMORANDUM OPINION

Timothy Lee Coles, a Virginia state prisoner proceeding pro se and in forma pauperis, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c), Federal Rules of Civil Procedure 8(a), 20(a), and Coles's compliance with the Court's July 28, 2011 Memorandum Order.

I. PROCEDURAL HISTORY

Coles's original complaint failed to satisfy Federal Rules of Civil Procedure 8(a)[1] and 20(a).[2] By Memorandum Order dated July

---

[1] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[2] When a plaintiff seeks to bring multiple claims against multiple defendants he must also satisfy Federal Rule of Civil Procedure 20(a), which provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

28, 2011, the Court noted that "Plaintiff's claims arise from disparate transactions and are not joined by a common question of law or fact." (July 28, 2011 Mem. Order 1.) The Court ordered Coles to particularize his complaint to comply with the Federal Rules of Civil Procedure and dispense with defendants who may not be joined pursuant to Rule 20(a). The Court admonished Coles that failure to do so could result in dismissal of the action. The Court warned Coles that if his Amended Complaint did not comply with Rule 20(a), then the Court would "begin its analysis with the first Defendant named in the body of the complaint, and then drop every Defendant who is not properly joined with that Defendant." (July 28, 2011 Memo. Order 3.)

Coles submitted an Amended Complaint on August 4, 2011. The Amended Complaint is before the Court for evaluation pursuant to 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c), Federal Rules of Civil Procedure 8(a) and 20(a), and Coles's compliance with the Court's July 28, 2011 Memorandum Order.

## II. PRELIMINARY REVIEW

Under the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; see 42 U.S.C.

---

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

2

§ 1997e(c). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

3

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. 1950. Thus, plaintiffs cannot satisfy pleading requirements with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted).

Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

## III. ANALYSIS

### A. Dismissal of Improperly Joined Claims and Parties

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. See Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" Sykes v. Bayer Pharm. Corp., 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting Lovelace v. Lee, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" Id. (quoting Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

The Court's obligations under the PLRA include review for compliance with Rule 20(a). See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("The district court did not question George's decision to join 24 defendants, and approximately 50 distinct

5

claims, in a single suit. It should have done so.").[3] Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees. 28 U.S.C. § 1915(g); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) ("To allow [plaintiff] to pay one filing fee yet join disparate claims against dozens of parties flies in the face of the letter and spirit of the PLRA."). "Furthermore, a Plaintiff cannot satisfy the requirements of Rule 20(a) with conclusory allegations of a conspiracy." Jackson v. Olsen, No. 3:09cv43, 2010 WL 724023, at *3 (E.D. Va. Mar. 1, 2010) (citing Williams v. Raemisch, No. 3:09cv00485, 2009 WL 3516312, at *2 (W.D. Wis. Oct. 28, 2009)); see Robinson v. Johnson, 3:07cv00449, 2009 WL 874530, at *1 n.2 (E.D. Va. Mar. 26, 2009). With these principles in mind, the Court turns to the allegations in the Amended Complaint.

---

[3] Although Rule 18(a) permits a plaintiff to "'join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party,'" the Courts cannot ignore the limitations of Rule 20(a). George, 507 F.3d at 607 (quoting Fed. R. Civ. P. 18(a)); see 7 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1655 (3d ed. 2009) ("Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.").

6

Although Coles failed to follow the Court's July 28, 2011 instructions to list all defendants in the first paragraph in his Amended Complaint, it appears that Coles's Amended Complaint names at least sixteen Defendants. Coles alleges that a wide-ranging conspiracy existed among Defendants to violate Coles's civil rights. (Am. Compl. ¶ 1 ("The only way that such complaint can be comported to [the rules] is by way of the simple claim of conspiracy', . . .").[4] According to Coles, this conspiracy involved, inter alia, (1) the denial of medical care because some Defendants serve eggs to Coles despite Coles's egg allergy; (2) denial of proper nutrition because the protein portions in meals are either too small or replaced with cheese; (3) denial of admission to a drug treatment program; (4) procedural errors which occurred at various prison disciplinary hearings; and (5) guards placing Coles in danger after guards labeled him a snitch to the general prison population. It is apparent that Coles has submitted the sort of "mishmash of a complaint" that the rules governing joinder of parties aim to prevent. George, 507 F.3d at 607.

Although Coles alleges that a conspiracy exists among the prison officials, Coles has not stated any plausible claim for a conspiracy to deprive him of his civil rights. Because Coles's allegation of a conspiracy "amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim." Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009) (citing

---

[4] The Court has corrected the capitalization in quotations to Coles's Amended Complaint.

7

Iqbal, 129 S. Ct. at 1950; Gooden v. Howard Cnty., Md., 954 F.2d 960, 969-70 (4th Cir. 1992)); see Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184-85 (3d Cir. 2009) (citing Crabtree v. Muchmore, 904 F.2d 1475, 1480-81 (10th Cir. 1990) (dismissing conclusory allegations of a conspiracy); Loney v. Wilder, No. 3:08CV820, 2011 WL 1827440, at *3 (E.D. Va. May 12, 2011) (Payne, J.) (same).

In order to satisfy his pleading burden with respect to a conspiracy, Coles "needed to plead facts that would 'reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.'" Ruttenberg v. Jones, 283 F. App'x 121, 132 (4th Cir. 2008) (quoting Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)). "[T]he bare, conclusory allegation that the [D]efendants conspired to violate his constitutional rights" is insufficient. Id. Accordingly, Coles's broad claim of an overarching conspiracy, which encompasses all of the named defendants, will be DISMISSED WITHOUT PREJUDICE.

Absent a plausible claim of conspiracy, Coles has failed to articulate a common question of law and fact for all of the named defendants. See Fed. R. Civ. P. 20(a). Furthermore, it is apparent that Coles's various causes of action do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Id.

Accordingly, the Court will proceed with the analysis it announced in the July 28, 2011 Memorandum Order. That is, the

Court will review the body of the Amended Complaint and "begin its analysis with the first Defendant named in the body of the complaint, and then drop every Defendant who is not properly joined with that Defendant."[5] (July 28, 2011 Mem. Order 3.)

The first Defendant that Coles names in the body of the Amended Complaint is K. McNeely. (Am. Compl. 3.) The first cause of action in which Coles complains of McNeely's behavior begins in the third numbered paragraph of the Amended Complaint. Specifically, Coles alleges that three violations of Coles's Fourteenth Amendment[6] rights occurred at Buckingham Correctional Center.[7] Also alleged to be involved in the violations at Buckingham Correctional Center are Monica Goad, Larry Edmonds, and G.K. Washington.

All subsequent paragraphs are unrelated to this first cause of action. For example, the next paragraph alleges the denial of "programmic treatment" at Sussex II State Prison. (Am. Compl. ¶ 4.) Therefore, the Court will DISMISS WITHOUT PREJUDICE all of

---

[5] "Such a procedure fosters the objectives of the Rules of Civil Procedure[ ] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" Jackson, 2010 WL 724023, at *8 n.10 (quoting Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279-80 (11th Cir. 2006)).

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[7] Coles also alleges violations of his rights at Sussex II State Prison. Because K. McNeely did not work there, and for the reasons previously stated, that claim is not properly joined to this one.

Coles's claims <u>except</u> the alleged deprivation of his Fourteenth Amendment rights at Buckingham Correctional Center. The Court will DISMISS all Defendants <u>except</u> K. McNeely, Monica Goad, Larry Edmonds, and G.K. Washington.

Should Coles wish to pursue claims based on allegations other than those remaining, he must file a new action.

### B. Analysis of Remaining Claims

The only claim remaining concerns the alleged violation of Coles's Fourteenth Amendment rights at Buckingham Correctional Center. Coles's entire claim follows:

> To identify the first Fourteenth Amendment violation to the U.S. Constitution to deny procedural and substantive due process deriving from the prison disciplinary proceeding at the Buckingham Correctional Center (BKCC): The second and third occurred at BKCC as well. . . . I personally and strongly feel and believes that the named defendants are liable for the intentional deprivation of my procedural and substantive due process rights due to each of them are sworn under oath to uphold the integrity of the inmate disciplinary proceeding & constitutionality of such in which they forbidden referenced to Claim III & IV of original complaint.

(Am. Compl. 3.)

When the Court instructed Coles to file a particularized complaint, the Court informed Coles that his filing would supplant his original complaint. The Court specifically warned Coles that "Plaintiff may not reference statements in the prior complaints." (July 28, 2011 Mem. Order 3.) Nevertheless, Coles opted not to comply with the Court's Order and insists on relying on the facts he recited in his original complaint.

10

In the future, the Court will not tolerate Coles's resistance to following a Court Order. Nevertheless, in the interests of resolving this issue on the merits, the Court has reviewed Coles's original complaint. For the reasons that follow, the Court will dismiss this claim.

In Coles's original complaint, he describes an October 8, 2009 disciplinary hearing at Buckingham Correctional Center in which the prison staff charged him with indecent exposure. (Compl. 4.) Coles contends that the written disciplinary report was deficient because it only mentioned that he was masturbating, not that he was exposing himself. (Compl. 4-5.) Nevertheless, Coles was found guilty and penalized with thirty (30) days in isolation. Coles suggests that the prison did not abide by its own procedure regarding presentation of evidence during prison disciplinary hearings.

Coles's assertion that the prison failed to abide by its own procedure does not give rise to a federal claim. Any "alleged deviation involves at most a state procedural requirement that would be required to be enforced in the Virginia courts, under Virginia law." Burnette v. Fahey, No. 3:10cv70, 2010 WL 4279403, at *10 (E.D. Va. Oct. 25, 2010) (citing Hill v. Jackson, 64 F.3d 163, 171 (4th Cir. 1995); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990)); see Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011); Riccio, 907 F.2d at 1469 ("If state law grants more procedural rights than the Constitution would otherwise

require, a state's failure to abide by that law is not a federal due process issue.").

Coles also argues that the prison denied him due process during the disciplinary hearing. Coles argues that the facts stated in the disciplinary report did not support the charge of indecent exposure. Specifically, Coles avers that the disciplinary report complained of Coles masturbating on a guard and "working his penis," but it did not specifically say that the prison guard saw Coles's penis. (Compl. 4.)[8] Coles argues that he could have been masturbating with his hand inside of his pants.

Due process requires: "(1) advance written notice of the charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present evidence; (3) a written statement . . . of the evidence relied upon and the reasons for the decision; and (4) 'some evidence' to support the decision." Higgason v. Hanks, 64 F. App'x 556, 557 (7th Cir. 2003) (quoting Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-55 (1985)). The "some evidence" requirement is a lenient one that requires only "'a modicum of evidence'" which "is met if there is any evidence in the record that could support the board's decision." Id. (quoting Hill, 472 U.S. at 455-56).

---

[8] Coles did not submit the disciplinary report. He did, however, quote from it. (Compl. 4.) Because his quotation provides "sufficient detail," McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999), the Court considers it for purposes of this Memorandum Opinion.

In this case, some evidence exists in the disciplinary report that Coles was guilty of indecent exposure. The disciplinary report accused Coles of masturbating on a guard. The disciplinary report is therefore sufficient to support the disciplinary board's decision that Coles was guilty of indecent exposure. Id.

Coles fails to offer any facts which plausibly suggest that he is entitled to relief. Accordingly, this claim and the action will be DISMISSED WITH PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Coles.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 22, 2011

13